UNITED STATES DISTRICT COURT
FOR THE NORTH CAROLINA MIDDLE DISTRICT

Civil Action No. 1:17-cv-00875-TDS-JLW

| | |
|---|---|
| GARRETT AVON SPINKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. MANDY K. COHEN, )<br>SECRETARY, NC DEPARTMENT OF )<br>HEALTH & HUMAN SERVICES, )<br>THOMAS PRICE, SECRETARY OF )<br>NC DEPARTMENT OF HEALTH & )<br>HUMAN SERVICES, and )<br>PAMELA HILL, RANDOLPH )<br>COUNTY SUPERIOR COURT, )<br>)<br>Defendants. ) | **MEMORANDUM OF LAW IN<br>SUPPORT OF MOTION TO DISMISS<br>FILED ON BEHALF OF<br>DEFENDANT HILL** |

NOW COMES the Honorable Pamela Hill, Clerk of Superior Court for Randolph County, North Carolina, by and through Joshua H. Stein, North Carolina Attorney General, and Kathryn H. Shields, Assistant Attorney General, and hereby submits this memorandum of law in support of a motion to dismiss the plaintiff's complaint pursuant to Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

The plaintiff commenced this action on September 29, 2017, pursuant to 42 U.S.C. § 1983 alleging that Defendant Hill, acting under color of state law in her official capacity as the Clerk of Superior Court, violated his rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and seeks injunctive relief. [DE-

1

1, ¶ IV] The plaintiff brings this action against Defendant Hill in her official capacity only. [DE-1, ¶2]

After filing the complaint, the plaintiff did not have summons issued by the clerk to Defendants. *See* Docket Sheet for this case. On January 12, 2018, the Clerk issued a Notice to the plaintiff regarding his failure to serve process on Defendants within ninety (90) days of filing the complaint. [DE-4] In the notice, the Clerk directed the plaintiff to respond within fourteen (14) days and the plaintiff did so. [DE-5] After considering the plaintiff's response, on March 2, 2018, the court issued an Order *sua sponte* allowing the plaintiff additional time to serve Defendants and ordered that the plaintiff shall have twenty-one (21) days from the date of the Order to serve Defendants. [DE-6] The Court also directed the Clerk to send the plaintiff a copy of Rule 4 of the Federal Rules of Civil Procedure. *Id.* On March 15, 2018, the plaintiff caused summons to be issued to Defendant Hill. [DE-7-2] The summons directed process to be served on Defendant Hill at the address of the Randolph County Courthouse located at 176 E. Salisbury Street, Suite 200 in Asheboro, North Carolina. *Id.* The defendant purported to serve Defendant Hill with process by having a Randolph County deputy sheriff deliver process to Defendant Hill at her office on March 27, 2018. The return of service filed by the plaintiff reflects that the plaintiff purported to serve Defendant Hill via a deputy sheriff at her office located at 176 E. Salisbury Street, Asheboro, North Carolina on March 27, 2018. [DE-11]

According to the complaint, the plaintiff's claims against Defendant Hill arise from a probate proceeding before Defendant Hill in Randolph County, North Carolina. [DE-1] In North Carolina, the duly elected Clerk of Superior Court for each county is the ex officio

judge of probate and a judicial officer of the Superior Court Division of North Carolina's General Court of Justice. N.C. Gen. Stat. § 7A-40 (2017). In 2015, Defendant Hill, through an Assistant Clerk of Superior Court in her office, entered an order authorizing the issuance of Letters Testamentary to the plaintiff to be the executor and administer the estate of his late mother, Sarah D. Spinks, in Randolph County File No. 15 E 331. [DE-1, ¶ VII] [1] The plaintiff alleges Defendant Hill caused him to be deprived "of rights, privileges and immunities secured by the Constitution of the United States." [DE-1, ¶ VII] The plaintiff alleges that this "deprivation . . . occurred on or about Friday, September 29, 2017, when the Plaintiff was informed of the sale of his mother's property including real estate located at 482 Isley Lane, Ramseur, North Carolina will be placed to be sold." *Id.* The plaintiff alleges that Medicaid/Medicare made a claim against his mother's estate for outstanding medical bills. *Id.* The plaintiff further alleges that he asked Defendant Hill for more time to rectify a problem regarding a claim against the real estate by his mother's insurance Medicaid/Medicare but that Defendant Hill refused his request and "prompted the sale of the properties." *Id.* The plaintiff's alleges that Defendant Hill's actions have violated his

---

[1] A copy of the Randolph County Clerk of Superior Court's file in *In the Matter of the Estate of Sarah D. Spinks*, File No. 15 E 331, is attached as <u>Exhibit A</u>, as the plaintiff references this proceeding throughout his Complaint and attaches a portion of it to his Complaint. Also"[i]n reviewing a Rule 12(b)(6) dismissal, [the court] may properly take judicial notice of matters of public record" under Rule 201 of the Federal Rules of Evidence. *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004). State court filings and opinions are matters of public record. *Waugh Chapel South, LLC* v. *United Food & Commercial Workers Union Local* 27,855 F. Supp.2d 476,486 (D.Md. 2012) (internal citations omitted)). This includes filings in prior litigation. *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009); *see also Ward v. Keybank Nat'l Ass'n*, No. 1:03CV1124, 2005 U.S. Dist. LEXIS 11202, 2005 WL 1118076, at *1 n. 1 (M.D.N.C. May 10, 2005) ("Here, the filings in the prior suit are matters of public record, serve as the underlying basis for this lawsuit, and the facts of those filings, rather than their veracity, are not subject to reasonable dispute by either party. Under the circumstances, judicial notice is proper.").

rights to the real property in his mother's estate. *Id.* The plaintiff alleges that Defendant Hill's actions were done willfully, wantonly, and recklessly and in disregard for his rights. [DE-1; ¶ IX] As relief, the plaintiff requests the court grant a permanent and temporary injunction enjoining Defendant Hill and the other Defendants from engaging in the sale of the real property in his mother's estate. [DE-1]

## LAW AND ARGUMENT

The plaintiff's claims against Clerk of Superior Court Hill should be dismissed on the basis of insufficient service of process, lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted.

**I. THE PLAINTIFF'S PURPORTED SERVICE OF PROCESS ON DEFENDANT HILL IN HER OFFICIAL CAPACITY IS INSUFFICIENT THEREFORE THIS COURT DOES NOT HAVE JURISDICTION OVER HER IN HER OFFICIAL CAPACITY.**

The plaintiff bears the burden of establishing that service of process complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure. *Elkins v. Broome,* 213 F.R.D. 273, 275 (M.D.N.C. 2003). The plaintiff is responsible for furnishing a copy of the summons and complaint to the person making service. Fed. R. Civ. P. 4(c)(1). In order to serve an officer of the State, process must be served by either delivering a copy of the summons and complaint to the State's chief executive officer or by complying with the State rules for service upon an officer of the State. Fed. R. Civ. P. 4(j)(2). *See also* N.C. Gen. Stat. § 1A-1, Rule 4(j)(4). State law requires that service be made upon an officer of the State by delivery of process to their designated agent or, absent designation of an agent, delivery of process to the North Carolina Attorney General or to a special

4

deputy or assistant attorney general. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4). Defendant Hill, as the duly elected Clerk of Superior Court for Randolph County is the ex officio judge of probate and is a state judicial official of the Superior Court Division of North Carolina's General Court of Justice. N.C. Gen. Stat. § 7A-40. Here, the plaintiff caused a summons to be issued to Defendant Hill at the address of the Randolph County Courthouse located at 176 E. Salisbury Street, Suite 200 in Asheboro, North Carolina. The plaintiff then purported to serve Defendant Hill by having a Randolph County deputy sheriff deliver process to Defendant Hill at her office in the courthouse on March 27, 2018. In directing process to be served on Defendant Hill at her office, the plaintiff did not comply with the federal or state rules for service of process on a state official. As such, the plaintiff's purported service of process on Defendant Hill in her official capacity is insufficient and is subject to dismissal.

Additionally, it is worth noting, that the plaintiff's attempt to serve process on Defendant Hill is not in accordance with the court's Order on March 2, 2018. The court ordered the plaintiff to serve Defendants within twenty-one (21) days or its Order or March 23, 2018. Defendant Hill reports that a deputy sheriff delivered process to her office on March 27, 2018, four days after the deadline to serve Defendants pursuant to the court's Order. The plaintiff's return of service confirms that Defendant Hill did not receive process until March 27, 2018, four days after the deadline.

Dismissal based on defective service of process is jurisdictional. *Armco v. Penrod-Stauffer Building Systems, Inc.*, 733 F.2d 1087 (4th Cir. 1984). "[T]he rules are there to be followed, and the plain requirements for the means of effecting service of process may not

be ignored. *Id.* at 1089 (footnotes and citations omitted). Thus, the plaintiff's complaint as to Defendant Hill in her official capacity should be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process and Rule 12(b)(2) for lack of personal jurisdiction. *See Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."). However, should the plaintiff attempt to re-serve Defendant Hill in her official capacity with process to cure service defects, the court should still dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.

## II. THE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST DEFENDANT HILL UNDER 42 U.S.C. § 1983.

### A. Standard of Review for 12(b)(6).

In considering a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must assess the legal sufficiency of the allegations in the plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). However, while the court "must take the facts in light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts. E*. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "[A] Rule

6

12(b)(6) motion should only be granted if, after accepting well-pleaded allegations in the complaint as true and drawing all reasonable inferences from those facts in the plaintiff's favor, it appears that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1990).

Where, as here, the plaintiff is proceeding pro se, the courts are required to liberally construe pro se documents, *Erikson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), by holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 91976), *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163 91980) (per curiam). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint must contain sufficient factual allegations, which accepted as true, state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

7

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### B. Defendant Hill Has Not Taken Any Action To Violate The Plaintiff's Rights To Due Process.

The plaintiff's claim against Defendant Hill pursuant to 42 U.S.C. § 1983 seeking injunctive relief must be dismissed because the allegations in the plaintiff's complaint do not contain a plausible claim that Defendant Hill has in any way violated the plaintiff's rights to due process.

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994), *quoting Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). To state either a procedural or a substantive due process claim, a plaintiff must first show that he or she had "a constitutionally protected liberty or property interest" which was violated. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)). In the Fourth Circuit, a civil rights claim based upon § 1983 has two essential elements "'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state

8

law.'" *Crosby v. City of Gastonia,* 635 F.3d 634, 639 (4th Cir. 2011) (*quoting West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).

In his complaint, the plaintiff generally alleges that the Defendants have violated his rights to due process by selling real property that he stands to inherit from his mother's estate to satisfy a claim made against estate. However, the plaintiff does not make any specific allegations in his complaint that Defendant Hill directed the plaintiff to sell the property or entered an order in any proceeding before her that would result in the forced sale of the real property in his mother's estate to satisfy the claim made against it by Medicaid.

The plaintiff only alleges that on or about September 29, 2017, he was informed of the sale of his mother's property, including real property located at 482 Isley Lane in Ramseur, North Carolina. The plaintiff does not allege Defendant Hill told him this or entered an Order to this effect. The plaintiff's mother's estate file does not contain any such Order. *See* Exhibit A. Additionally, the plaintiff alleges that Defendant Hill denied his request for more time to resolve the problem with his mother's insurance providers which "prompted the sale of the properties" which violated his rights to the property. But again the plaintiff does not allege that Defendant Hill took a specific action to sell the property; only that she purportedly denied his motion for additional time which prompted the sale of the real property. Notably, the plaintiff's mother's estate file does not contain an order from Defendant Hill denying the plaintiff's motion for additional time. In fact, the estate file contains an order from Defendant Hill granting a request from the plaintiff for more time to file a Final Accounting. *See* Exhibit A. In sum, the plaintiff's complaint does not contain

9

any allegations that Defendant Hill took any action against the plaintiff or entered any order in his mother's estate proceeding causing the real property in his mother's estate to be sold.

Based upon the allegations in the plaintiff's complaint and the documents in Exhibit A, it is not plausible that Defendant Hill has violated the plaintiff's rights to due process. As such, the plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against Defendant Hill.

## CONCLUSION

For the foregoing reasons, the plaintiff's claims against Defendant Hill in her official capacity should be dismissed.

Respectfully submitted, this the 17th day of April, 2018.

JOSHUA H. STEIN
Attorney General


/s/ Kathryn H. Shields
Assistant Attorney General
N.C. State Bar No. 43200
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27602
Telephone: 919-716-6800
Facsimile: 919-716-6755
Email: kshields@ncdoj.gov

## CERTIFICATE OF WORD COUNT

I hereby certify that this brief, including the body of the brief, headings and footnotes, but excluding the caption, signature lines, certificate of service, and any cover page or index not included, contains  3,051  words, and does not exceed the 6,250 word limit on briefs supporting motions and responsive briefs, or if a reply brief does not exceed the 3,125 word limit.  *See* LR 7.3(d)(1).

/s/ Kathryn H. Shields
Assistant Attorney General

11

Case 1:17-cv-00875-TDS-JLW   Document 13   Filed 04/17/18   Page 11 of 12

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANT HILL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record registered with the CM/ECF system.

The undersigned further certifies that she served the following non CM/ECF participant by depositing a copy of same with the United States Postal Service, first-class postage prepaid, and addressed as follows:

> Garrett Avon Spinks
> 482 Isley Lane
> Ramseur, N.C. 27316
> 336-736-6938
> *Pro Se Plaintiff*

This the 17th day of April, 2018.

/s/ Kathryn H. Shields
Assistant Attorney General