IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARRETT AVON SPINKS,       )
                                  )
       Plaintiff,          )
                                  )
         v.             )    Civil Action No. 1:17-cv-875
                                  )
DR. MANDY K. COHEN,      )
SECRETARY, NC DEPARTMENT  )
OF HEALTH & HUMAN SERVICES, )
THOMAS PRICE, SECRETARY OF  )
U.S. DEPARTMENT OF HEALTH &  )
HUMAN SERVICES[1], and PAMELA )
HILL, RANDOLPH COUNTY     )
SUPERIOR COURT,          )
                                  )
       Defendants.       )

**FEDERAL DEFENDANT SECRETARY U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS OR IN THE ALTERNATIVE
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Federal Defendant, Alex M. Azar II, Secretary of the U.S.

Department of Health and Human Services, by and through Matthew G.T. Martin, United

States Attorney for the Middle District of North Carolina, and respectfully submits this

memorandum of law in support of motion to dismiss pursuant to Rules 12(b)(1), (5) and

(6) of the Federal Rules of Civil Procedure or in the alternative for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure.

---

[1]Thomas E. Price, M.D., has ceased to hold the office of Secretary of Health and Human
Services. Pursuant to Federal Rule of Civil Procedure 25(d), Alex M. Azar II is
automatically substituted for Thomas Price as the Defendant in this action.

# I. <u>STATEMENT OF THE CASE</u>

Garrett Avon Spinks ("Plaintiff" or "Spinks"), a resident of Randolph County, North Carolina, commenced this action in federal court against the Secretary of the North Carolina Department of Health & Human Services, the Secretary of the United States Department of Health & Human Services ("HHS"), and the Randolph County Clerk of Superior Court. Plaintiff filed the instant suit on September 29, 2017, pursuant to 42 U.S.C. § 1983 alleging, in part, that the Secretary of HHS, acting under color of state law in his official capacity as the Secretary of HHS, violated his rights of due process under the Fifth and Fourteenth Amendments to the United States Constitution and Plaintiff seeks injunctive relief. (Doc. 1, ¶ IV.) Plaintiff sues the Secretary of HHS in his official capacity only. (<u>Id.</u>, ¶ II.)

On January 12, 2018, the Clerk issued a Notice to Plaintiff for failure to make service within ninety (90) days of filing the complaint. (Doc. 4.) On January 24, 2018, Plaintiff responded to the Notice (Doc. 5) and on March 2, 2018, the Court, *sua sponte*, issued an Order allowing Plaintiff twenty-one (21) additional days to serve Defendants in this matter. (Doc. 6.) Additionally, the Court ordered that the Clerk send Plaintiff a copy of Federal Rule of Civil Procedure 4, along with the Order. (<u>Id.</u>)

On March 15, 2018, Plaintiff had a summons issued for Defendant Thomas Price. (Doc. 7-1.) No summons has been issued for the United States Attorney for the Middle District of North Carolina or the Attorney General of the United States. On April 16, 2018, Plaintiff filed a Declaration of Proof of Service, wherein Tyrone Andrews asserted that he "served . . . [the] Secretary of Health and Human Service for the United States" on or about

2

"March 19, 2016 [sic]" by certified mail. (Doc. 11, ¶ III.)

## II. STATEMENT OF FACTS

Plaintiff alleges in his complaint that he resides in his mother's home and alleges that he was subsequently notified that the home would be sold to satisfy a North Carolina Medicaid claim against his mother's estate. (Doc. 1.) Specifically, Plaintiff alleges that "the State of North Carolina wants to liquidate via sale what is rightfully [his] property upon the death of [his] mother (Sarah Spinks)." (Doc. 1, p. 2.) Plaintiff alleges he suffered a deprivation of constitutional rights on or about Friday September 29, 2017, when he was informed of the sale of his mother's property including real estate located at 482 Isley Lane, Ramseur, North Carolina. Plaintiff alleges that a claim for medical bills totaling $197,000.00 was made against his mother's estate and was the cause for the sale. Plaintiff alleges that Defendant Price "decided not to pay the listed claim bills." (Doc. 1, ¶ VII.) Plaintiff alleges the acts of Defendants were done "willfully, wantonly and recklessly with a willful, wanton, and reckless disregard for the Plaintiff's rights, feelings and sensitivities, and further with the reckless and wanton disregard of Plaintiff's legal and constitutional rights." (Id., ¶ IX.) Plaintiff contends that the claim against the estate stems from medical bills that were not paid by Medicare or Medicaid and seeks an injunction enjoining the Defendants from selling his mother's home.

This Court should dismiss Plaintiff's complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Complaint should also be dismissed for failure to state a claim upon which relief can be granted pursuant to

3

Federal Rule of Civil Procedure 12(b)(6) because neither Secretary Azar nor HHS have taken any actions under color of state law. And finally, Plaintiff sued the Secretary of HHS in his official capacity (Doc. 1, ¶ II), and HHS is entitled to sovereign immunity.[2]

## III. BACKGROUND

On September 29, 2017, Plaintiff Spinks filed a "Complaint for Immediate Injunction Via Damages for Violation of Civil Rights" in federal court. (Doc. 1.) With respect to the Secretary of HHS, the Complaint alleges that the Centers for Medicare and Medicaid Services (Medicare) failed to pay medical expenses incurred for the care of Plaintiff's mother and, as a result, the North Carolina Office of Health and Human Services, Division of Medical Assistance (NC Medicaid) filed a claim against the estate in the amount of approximately $197,000.[3] (Doc. 1, ¶ VII.)

More specifically, according to the Complaint and exhibits attached thereto, Plaintiff's mother, Sarah D. Spinks, was a Medicare and Medicaid beneficiary and prior to her death in February 2015, Medicaid paid for her nursing home and medical care. Spinks alleges that in March 2015, he was appointed executor of his mother's estate. (Doc. 1, ¶ VII.) On September 29, 2017, he learned that his mother's home in Randolph County, Ramseur, North Carolina (where he lives) was to be sold to satisfy Medicaid's claim against the estate. Id. The action triggering the alleged sale was brought by North Carolina

---

[2] For the purposes of this Motion only, Defendant Azar accepts the factual allegations of the Complaint as true.

[3] Exhibits to the Complaint show that the North Carolina Estate Recovery Program filed a Claim against the estate supported by documentation of $195,453.53 in North Carolina Medicaid expenditures.

4

pursuant to the North Carolina Estate Recovery Act.[4] HHS is not a party to this state court action involving the estate and HHS has not sought to recover the cost of any medical expenses paid by Medicare. Plaintiff Spinks has not identified any specific medical bills that Medicare failed to pay.

In his federal court action, Spinks is seeking temporary and permanent injunctive relief to stop the sale of the house. Spinks also alleges that North Carolina's estate recovery action has caused him stress, anguish and anxiety and the actions of all the defendants have deprived him of his constitutional right to due process.

Spinks brings his action under the Civil Rights Act, 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution.

## IV. QUESTIONS PRESENTED

A.  Whether the Court lacks personal jurisdiction over Defendant Azar due to insufficient service of process?

B.  Whether the Court lacks subject matter jurisdiction based on the Civil Rights Act because neither the Secretary nor HHS took actions under color of state law?

C.  Whether the Court lacks subject matter jurisdiction because Plaintiff failed to present his Medicare claims to the Secretary of HHS and has failed to exhaust administrative remedies?

D.  Whether the complaint fails to state a claim upon which relief may be granted because the Secretary of HHS and HHS are entitled to sovereign immunity?

---

[4] See N.C. Gen. Stat. Ann. § 108A-70.5.

## V. ARGUMENT

### A.    Legal Standards

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is proper. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack, alternatively, the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219.

Where the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence in determining the existence of jurisdiction. Adams, 697 F.2d at 1219. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). The party asserting subject matter jurisdiction bears the burden of proof for a Rule 12(b)(1) motion to dismiss, see Demetres v. E. W. Const., Inc., 776 F.3d 271, 272 (4th Cir. 2015); Willoughby v. U.S. ex rel. U.S. Dep't of the Army, 730 F.3d 476, 479 (5th Cir. 2013).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v.

6

United States, 281 F.3d 158, 161 (5th Cir. 2001) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

When reviewing a motion to dismiss under Rule 12(b)(6), the court should accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. E.I. duPont de Nemours and Co. v. Kolon Industries, Inc., 637 F.3d 435, 440 (4th Cir. 2011); McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996). A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. 662, 678. When a court can identify well-pleaded factual allegations, a court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. Rule 12(b)(6) wards against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge [ ] the [ ] claims across the line from conceivable to plausible." Twombly, 500 U.S. at 555, 570; see Iqbal, 556 U.S. at 680. While a court's evaluation of a Rule 12(b)(6) motion to dismiss is "generally limited to a review of the allegations of the complaint itself," a court can properly consider documents "attached to the complaint as exhibits." Goines v. Valley

7

Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016). A court may also consider "a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Id. at 166. Thus, a court considering a motion to dismiss generally begins by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth, and will assume the veracity of well-pleaded factual allegations to "determine whether they plausibly give rise to an entitlement to relief." Ashcroft, 556 U.S. at 679.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must then affirmatively show a genuine issue of material fact which requires trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless sufficient evidence favoring the non-moving party exists for a fact finder to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 817 (4th Cir. 1995).

**B.    The Court lacks personal jurisdiction over Defendant Azar due to insufficient service of process.**

Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for lack of personal jurisdiction over Defendant Azar due to insufficient service of process.

8

Rule 12(b)(5) of the Federal Rules of Civil Procedure governs dismissal of a complaint for insufficient service of process. Rule 4 of the Federal Rules of Civil Procedure explains the requirements for service of process. A plaintiff must either serve all defendants with process, obtain a waiver of service of process, or provide good cause for not doing so within 90 days of filing a complaint. Fed. R. Civ. P. 4(d) & (m). Process includes a summons and copy of the complaint and Plaintiff must furnish the necessary copies to the person who makes service. Fed. R. Civ. P. 4(c)(1).

Here, Plaintiff claims the delay in service in the present case resulted from his reliance on a process server whom he "do[es] hold . . . responsible for [the] duties which [he] paid him to perform." (Doc. 5.) The only explanation for the delay in service offered by Plaintiff is that the person he hired to serve the complaint did not perform the task. Rule 4(i), which governs service of process on government agencies, requires that a plaintiff who is suing an agency, officer, or corporation of the United States effect service upon the United States Attorney for the judicial district in which the proceedings are commenced, the Attorney General of the United States, and the agency or officer whose ruling or order is being challenged. Subsection (1) of Rule 4(i) reads:

(1) **United States**. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

9

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Subsection (4) of Rule 4(i) reads:

(4) **Extending Time**. The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States.

Fed. R. Civ. P. 4(i)(4).

Accordingly, there is a process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States *if the plaintiff has effected service on either the United States Attorney or the Attorney General of the United States*. Section 4(i)(4) is inapplicable to the present case, however. Plaintiff served neither the United States Attorney for the Middle District of North Carolina nor the Attorney General within the 90 day period following the filing of his complaint or the 21 day period of extension provided by the Court.

In this case, Plaintiff had almost 6 months (from September 29, 2017 to March 23, 2018) after this suit was filed in which to effect proper service on the United States. Although all that was required was the timely placing of two copies of the complaint and summons in the mail, Plaintiff did not do this and has offered no explanation for his failure. Having waited too long to effect service of process on the United States, Plaintiff's complaint must be dismissed for insufficient service of process.

Plaintiff's complaint should be dismissed because he has not shown "good cause" within the meaning of Fed. R. Civ. P. 4(m) and because he has not demonstrated his "reasonable, diligent efforts to effect service on the defendant." Since no proper service was effected on the United States attorney or the Attorney General within the 90 day window provided by Rule 4(m) or within the additional time allowed by the Court in this case, the complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

### C. The Court lacks subject matter jurisdiction over Plaintiff's claims based on the Civil Rights Act because to the extent HHS took any action, it did not act under color of state law.

Plaintiff alleges his due process claims arise under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.[5] (Doc. 1, ¶¶ IV and V.) Spinks couches his action as a civil rights action brought under 42 U.S.C. § 1983 to redress a violation of federal rights, but §1983 applies only to actions taken under color of state law. As the federal government acts pursuant to federal law, and not under color of state law, no §1983 cause of action lies against the federal government unless the federal official has taken specific actions that would transform him into a state actor.  Strickland on Behalf of Strickland v. Shalala, 123 F.3d 863, 866-67 (6th Cir. 1997); Lynn v. U.S. Dep't of Health & Human Servs., 583 F. Supp. 532, 533 (S.D.N.Y. 1984); see also West v. Atkins, 487 U.S. 42, 46 (1988) ("under color of state law" is "a jurisdictional requirement for a § 1983 action"). The Complaint makes no allegations that Secretary Azar has participated in or directed in any way the state probate or state estate recovery actions.

---

[5] Defendant Azar presumes that Plaintiff meant Section 1343, not Section 1333.

11

It is also settled that the civil rights provisions of § 1343 do not confer jurisdiction over disputes arising under or alleging violations of the Social Security Act, of which Medicare is a part. The "Social Security Act does not deal with the concept of 'equality' or with the guarantee of 'civil rights,' as those terms are commonly understood" and it "is inappropriate to read the jurisdictional provisions [of § 1343] to encompass new claims which fall well outside the common understanding of their terms." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 621 (1979).

Accordingly, Plaintiff's § 1983 claim should be dismissed as filed against Secretary Azar.

> **D.** **The Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to present his claims to the Secretary of HHS and failed to exhaust his administrative remedies.**

Plaintiff alleges that Medicare failed to pay his mother's medical expenses and thus is in some way responsible for the estate recovery action brought by the State of North Carolina. Plaintiff has failed to identify any specific medical claim or expense that Medicare was responsible for paying, yet failed to pay. Nor has Plaintiff alleged that the Secretary of HHS is pursuing a claim against his mother's estate or has tried to force a sale of his late mother's home.[6] However, putting aside the failure to allege any facts that might support a claim of unpaid Medicare benefits, even if Medicare failed to pay Sarah Spinks' medical bills, Plaintiff cannot bring this action against HHS.

---

[6]North Carolina's Estate Recovery Plan was enacted in accordance with federal law which requires state Medicaid agencies to try to recover certain Medicaid payments from a beneficiary's estate.  See 42 U.S.C. § 1396p.

12

The HHS, through the Secretary, administers the Medicare program and has delegated this function to the Centers for Medicare and Medicaid Services, also known as CMS. The Medicare program is comprised of four parts. This case involves Medicare Parts A and B which make payments for covered services provided by skilled nursing facilities (nursing homes), physicians and other non-hospital suppliers of healthcare services. 42 U.S.C. §§ 1395j-1395w-1. Section 1869 of the Medicare statutes provides for an extensive administrative appeals process for beneficiaries who are dissatisfied with an initial determination[7] regarding whether a claim is payable under Medicare Part A or Part B. See 42 U.S.C. § 1395ff.

After seeking review of a Medicare contractor's decision, a beneficiary can appeal to an Administrative Law Judge (ALJ). 42 U.S.C. §§ 1395ff(b) and (d); 42 C.F.R. §§ 405.1000, 1002. If the beneficiary is still dissatisfied, he may appeal the ALJ's decision to the Medicare Appeals Council ("Council"). 42 U.S.C. § 1395ff(d)(2); 42 C.F.R. § 405.1100. The Council's decision stands as the final decision of the Secretary. Only the Secretary's final decision is subject to judicial review. 42 U.S.C. § 1395ff(b)(1)(A) (incorporating 42 U.S.C. § 405(g)), 42 C.F.R. §§ 405.1130, 1136.)

When Congress authorized judicial review of Medicare decisions under Section 405(g), it foreclosed any other judicial review of the agency's decisions. The Medicare Act, at 42 U.S.C. § 1395ff(b)(1)(A), provides the jurisdictional basis for courts to review Medicare decisions by making the Social Security Act's judicial review provision, 42

---

[7] An "initial determination" is CMS's or a CMS contractor's decision on a Medicare claim.

13

U.S.C. § 405(g), applicable to the Medicare program. 42 U.S.C. § 1395ff(b)(1)(A) ("any individual dissatisfied . . . shall be entitled to . . . judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title."). The text of § 405(g), in pertinent part, specifies how an individual may obtain judicial review:

> Any individual, *after any final decision* of the [Secretary] made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .

42 U.S.C. § 405(g) (emphasis added).

The next section of the statute, § 405(h) makes clear, in relevant part, that § 405(g) is the ***exclusive*** vehicle for federal court jurisdiction:

> . . . . No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency *except as herein provided. No action* against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover *on any claim arising under this subchapter.*

42 U.S.C. § 405(h) (emphasis added).[8]

Thus, § 405(g) "is the ***sole avenue*** for judicial review of all 'claims arising under' the Medicare Act." RenCare, Ltd. v. Humana Health Plan of Texas, Inc., 395 F.3d 555, 557 (5th Cir. 2004)(emphasis added); See also Am. Acad. of Dermatology v. Dep't of Health & Human Servs., 118 F.3d 1495, 1498 (11th Cir. 1997)(emphasis added). When "Congress waived sovereign immunity by giving the federal courts jurisdiction to review" decisions of the Secretary, it made clear in § 405(h) that § 405(g) was "the ***exclusive source***

---

[8] Section 405(h) is made applicable to Medicare matters by 42 U.S.C. § 1395ii.

of federal court jurisdiction." See Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007) (social security case) (citations omitted) (emphasis added).

The Supreme Court has stated that § 405(h) demands the channeling of "*virtually all legal attacks* through the agency." Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000) (constitutional and statutory challenge to nursing home enforcement regulations) (emphasis added). Accordingly, § 405(h) creates a sweeping jurisdictional bar to claims "arising under" the Medicare Act.

Plaintiff's action against HHS for allegedly unpaid Medicare bills is foreclosed by the Medicare Act because his claims against HHS "arise under" the Act or are inextricably intertwined with claims for benefits under the Act. Heckler v. Ringer, 466 U.S. 602, 614-15 (1984); Starnes v. Schweiker, 748 F.2d 217 (4th Cir. 1984). Medicare beneficiaries may not bring claims arising under the Act unless they have first presented the claim to HHS and exhausted HHS' administrative appeals process. Because Plaintiff has failed to satisfy these fundamental requirements, the Court lacks jurisdiction over Plaintiff's Medicare claim and must dismiss the action against the Secretary of HHS pursuant to Federal Rule of Civil Procedure 12(b)(1). See also, Willner v. Dimon, 849 F.3d 93, 107-09 (4th Cir. 2017) (action to halt foreclosure dismissed due to failure to exhaust administrative remedies).

### E. The complaint should be dismissed for failure to state a claim for which relief may be granted because the Secretary and HHS are entitled to sovereign immunity.

Plaintiff sued Defendant Azar in his official capacity as Secretary of HHS. (Doc. 1, ¶ II.) An "official capacity" suit is to be treated the same as if Plaintiff had sued the entity,

15

here HHS. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hawaii v. Gordon, 373 U.S. 57, 58 (1963). As discussed in Section V. D, the United States has only authorized judicial review of Medicare claims under limited circumstances, which Plaintiff has not met.

Generally, the United States and its agencies and officers are immune from suit unless it has consented to be sued. Fed. Deposit Ins. Co. v. Meyer, 510 U.S. 471, 475 (1994); United States v. Mitchell, 445 U.S. 535, 538 (1980). Such consent can be effected only by an express and unequivocal waiver of sovereign immunity by Congress, and cannot be implied. Lane v. Pena, 518 U.S. 187, 192 (1996); Mitchell, 445 U.S. at 538; see also Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) ("Sovereign immunity can be waived only by the sovereign: the circumstances of its waiver must be scrupulously observed and not expanded by the courts."); Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 140 (2d Cir. 1999) ("[T]he federal government's sovereign immunity may only be waived by Congressional enactment.").

However, under the "Larson exception," sovereign immunity does not bar suits for specific relief against government officials where the challenged actions of officials are alleged to be unconstitutional or beyond statutory authority. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 632, 688 (1949). Plaintiff raises vague constitutional and civil rights claims but has not alleged that the Secretary or HHS took any actions outside their statutory authority.

And finally, while Plaintiff seems to focus on injunctive relief, i.e., stopping an alleged sale of his mother's home, he styled his action as a "Complaint for Immediate

16

Injunction Via *Damages* for Violation of Civil Rights" which implies a claim for monetary damages. (Doc. 1, at 1. (emphasis added)). A court should view a case against a federal agency or official as an action against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," or if the effect of the judgment would be to restrain the government from acting, or compel it to act. Dugan v. Rank, 372 U.S. 609, 621-22 (1963) (quoting Land v. Dollar, 330 U.S. 731, 738, (1947). Thus, to the extent that Plaintiff seeks damages from HHS for the Secretary's alleged actions, those claims are barred by sovereign immunity.

A waiver of sovereign immunity must be "strictly construed, in terms of its scope, in favor of the sovereign." Lane, supra at 192; see United States v. Nordic Vill., Inc., 503 U.S. 30, 34 (1992). "Sovereign immunity is jurisdictional in nature[;] . . . the 'terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Meyer, 510 U.S. at 475 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). An action is presumed to lie outside of a district court's limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Therefore, the plaintiff bears the burden of establishing an unequivocal sovereign immunity waiver for a claim against the United States. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

Plaintiff's miscellaneous claims and damage claims against HHS must be dismissed because he failed to identify an express waiver of sovereign immunity as to these claims

17

or any of the relief that he seeks. While he raises constitutional claims, the Fifth Amendment does not, in and of itself, operate as a waiver of sovereign immunity. Hopes v. Roche, No. CIV.A. RDB-04-2963, 2005 WL 1812820, at *7 (D. Md. Aug. 2, 2005) (quoting Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982)) ("The Constitution does not waive the Government's sovereign immunity in a suit for damages.") Rather, a waiver of sovereign immunity, "if it exists at all, must be found in the statute giving rise to the cause of action." Id.; Lim v. United States, No. CIV.A. DKC 10-2574, 2011 WL 2650889, at *8 (D. Md. July 5, 2011) ("Federal courts have no jurisdiction over claims against the United States asserting general violations of the Constitution not authorized by specific statute."). Congress has not waived the sovereign immunity of federal agencies for alleged violations of the Due Process Clause of the Fifth Amendment. See Meyer, 510 U.S. at 484-86. Additionally, sovereign immunity also applies to Section 1983 claims. Herndon v. Astrue, No. 5:10-CV-175-RLV-DCK, 2011 WL 7971757, at *7 (W.D.N.C. Sept. 15, 2011), report and recommendation adopted, No. 5:10CV175-RLV, 2012 WL 1945069 (W.D.N.C. May 30, 2012) (civil rights action against Commissioner of Social Security barred by sovereign immunity). Therefore, Plaintiff's constitutional due process claim and civil rights claims are also barred by HHS's immunity to suit.

Last, the federal question statute, 28 U.S.C. § 1331, "is not a general waiver of sovereign immunity." Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (citation omitted). Rather, it "merely establishes a subject matter that is within the competence of federal courts to entertain." Id. (citation omitted); see also Radin v.

18

United States, 699 F.2d 681, 685 n.9 (4th Cir. 1983) (noting that 28 U.S.C. § 1331 is "merely a jurisdictional grant that in no way affects the sovereign immunity of the United States"); Humphreys v. United States, 62 F.3d 667 (5th Cir. 1995) (holding that 28 U.S.C. § 1331, by granting district courts jurisdiction over constitutional claims, does not thereby waive sovereign immunity). Accordingly, Plaintiff's Fifth Amendment claims must be dismissed for lack of jurisdiction.

## VI. CONCLUSION

For the above and foregoing reasons, the United States Attorney for the Middle District of North Carolina, on behalf of the Secretary of HHS, respectfully requests this Court to dismiss the Plaintiff's action against Defendant Azar.

This the 18th day of May, 2018.

Respectfully submitted,

MATTHEW G.T. MARTIN
UNITED STATES ATTORNEY

_____
/s/ Joan B. Childs
Assistant United States Attorney
NCSB # 18100
United States Attorney's Office
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
Telephone: (336) 333-5351
E-mail: joan.childs@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARRETT AVON SPINKS,          )
                              )
          Plaintiff,          )
                              )
          v.                  )    Civil Action No. 1:17-cv-875
                              )
DR. MANDY K. COHEN, et al.    )
                              )
          Defendants.         )

## CERTIFICATE OF WORD COUNT

I certify that this Brief complies with the word count limit set forth in L.R. 7.3(d). This Brief contains 6250 words or less, exclusive of the caption, signature lines, certificate of service, and any cover page or index, according to the word count feature of the word processing software used to prepare the Brief.

This the 18th day of May, 2018.

Respectfully submitted,

MATTHEW G.T. MARTIN
UNITED STATES ATTORNEY

/s/ Joan B. Childs
Assistant United States Attorney
NCSB # 18100
United States Attorney's Office
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
Telephone: (336) 333-5351
E-mail: joan.childs@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARRETT AVON SPINKS,            )
                                )
        Plaintiff,              )
                                )
        v.                      )   Civil Action No. 1:17-cv-875
                                )
DR. MANDY K. COHEN, et al.      )
                                )
        Defendants.             )

I hereby certify that on May 18, 2018, the foregoing Memorandum in Support of Federal Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment was electronically filed with the Clerk of the Court using the CM/ECF system, and served upon the following:

KATHERINE M. MCCRAW     kmccraw@ncdoj.gov
KATHRYN HICKS SHIELDS    kshields@ncdoj.gov

The undersigned further certifies that she served the following non CM/ECF party by depositing a copy of the same with the United States Postal Service, first-class postage prepaid, addressed to the following:

Garrett Avon Spinks
482 Isley Lane
Ramseur, NC 27316

Respectfully submitted,

MATTHEW G.T. MARTIN
UNITED STATES ATTORNEY


/s/ Joan B. Childs
Assistant United States Attorney
NCSB # 18100
United States Attorney's Office
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
Telephone: (336) 333-5351
E-mail: joan.childs@usdoj.gov

21