IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARRETT AVON SPINKS,              )
                                  )
            Plaintiff,             )
                                  )
      v.                          )       1:17-cv-875
                                  )
DR. MANDY K. COHEN, Secretary,    )
NC Department of Health &         )
Human Services; ALEX M. AZAR      )
II, Secretary, US Department      )
of Health and Human Services;     )
PAMELA HILL, Randolph County      )
Superior Court,                   )
                                  )
            Defendants.            )

                        **MEMORANDUM ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

     Pro se plaintiff Garrett Spinks alleges that Defendants Dr. Mandy Cohen, Alex M. Azar II,[1] and Pamela Hill deprived him of due process regarding the payment of his late mother's medical bills and the administration of her estate.  Before the court are motions to dismiss by each Defendant.  (Docs. 12, 16, 19.)  For the reasons set forth below, the motions will be granted.

I.   BACKGROUND

     The allegations of the complaint, construed in the light most favorable to Spinks for purposes of this order, show the following:

---

[1] The complaint names former federal Secretary of Health and Human Services Dr. Thomas Price.  Pursuant to Federal Rule of Civil Procedure 25(d), current Secretary Alex M. Azar II is automatically substituted for Dr. Price.

Spinks is the executor of his late mother's estate and resides on her property. (Doc. 1 at 3-4.) On or about September 29, 2017, an acquaintance told Spinks that the property would be sold to satisfy claims against the estate. (Id.; Doc. 23 at 2.) Spinks immediately filed an action in this court, alleging that the sale violates his due process rights, and contesting what is allegedly the claim creating the need for a sale: the $195,453.53 claim held by the North Carolina Department of Health and Human Services ("NCDHHS") for Medicaid expenditures on behalf of Spinks' late mother. (Doc. 1 at 4-5, 9.)

On January 12, 2018, the court notified Spinks that he had failed to serve any Defendant within 90 days, as required by Federal Rule of Civil Procedure 4(m). (Doc. 4.) On January 24, Spinks filed a response, indicating that either his private process server or the U.S. Marshal's Office was to blame for the failure to serve. (Doc 5.) On March 2, 2018, sua sponte, the court granted Spinks an additional 21 days to effect service, noting that he had not yet caused a summons to be issued. (Doc. 6.) On April 16, 2018, Spinks filed the declaration of his process server that service had been effected. Defendants proceeded to file their motions to dismiss, each citing — among other bases for dismissal — insufficient service. (Docs. 12, 16, 19.)

**II. ANALYSIS**

Federal Rule of Civil Procedure 4(m) provides that service

2

must be effected within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff fails to effect service in this time period, the court must either dismiss the action or order that service be made within a specified time. Id. When a defendant receives actual notice of the action, the rules for service should be given "a liberal construction," such that service is not necessarily invalidated by "every technical violation of the rule[s] or failure of strict compliance." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effective service of process may not be ignored." Id.

As to Spinks' claims against Azar, Rule 4(i) governs service of process on an officer of the United States sued in that officer's official capacity. That rule states that service must be made not only on the officer being sued, but also on the United States Attorney[2] for the judicial district in which the proceedings are instituted, and further on the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). Spinks served neither the United States Attorney nor the Attorney General of the United States. Instead, he served only Azar. See (Doc. 11 ("On March 19, 2016

---

[2] Alternatively, service may be made on an assistant United States Attorney or clerical employee designated by the United States Attorney for receipt of service, or by registered or certified mail to the civil process clerk at the United States Attorney's office. Fed. R. Civ. P. 4(i)(1)(A).

3

[sic] I served [the] Secretary of Health and Human Service [sic] for the United States.")). This is despite the fact that — on the day the complaint was filed, September 29, 2017 — he was informed of the requirement that the United States Attorney and the Attorney General be served.[3] (Doc. 5-1.) While pro se plaintiffs are often allowed "a chance to remedy technical insufficiencies in service of process," Thomas v. Nelms, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013), Spinks has already been given that chance. Over a year has elapsed since Spinks was first informed of the proper parties to serve (Doc. 5-1), and yet — despite the court's sua sponte extension of time to serve (Doc. 6) and the briefing from Azar pointing out his failure to serve (Docs. 20, 24) — he has ignored the plain requirements of Rule 4(i).[4] As a result, even taking into account the liberal construction afforded the service rules as well as Spinks' pro se status, the court will dismiss Spinks' claims against Azar.[5]

---

[3] More accurately, Spinks' private process server was informed of the requirement. However, the private process server made a declaration as to that interaction, and Spinks subsequently filed that declaration with the court. (Doc. 5-1.)

[4] Rule 4(i)(4) itself provides for "reasonable time to cure" insufficient service when the party has served either the United States Attorney or the Attorney General of the United States. As noted above, Spinks has not served either. Nor has Spinks shown good cause for his failure to serve under Rule 4(m), stating instead that Defendants' briefing pointing out his failure to serve "does not add up to a hill of beans" and relying on the fact that Defendants eventually received actual notice. (Doc. 23 at 3.)

[5] The court notes that these claims appear to be subject to dismissal even if Spinks was to serve the federal Defendant properly. There is

4

As to Spinks' claims against Hill and Cohen, Rule 4(j)(2) governs service of process on a state entity.[6] That rule provides that service must be effected on the chief executive officer of the state, or else in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). North Carolina law states that service on state officers or agencies must be made on the designated process agent, if one exists.[7] N.C. Gen. Stat. § 1A-1, Rule 4(j)(4). If a process agent has not been designated, process must be made on the North Carolina Attorney General or a deputy or assistant Attorney General, as set out in N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)(c). Spinks did not effect service in any of these ways; instead, he directed service to Hill and Cohen personally. (Doc. 11.) Further, Hill was not served until March 27, 2018, which was past the extended deadline set by this court. (Id. at 2.) As a result

---

no injunction to be had against Azar to stop the sale of the property on which Spinks resides, since Azar would not be involved in any way with such a sale, which would allegedly be held to satisfy a claim by NCDHHS. Further, sovereign immunity precludes any recovery of damages against Azar in his official capacity, since such a suit is in essence against the United States. See, e.g., Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999).

[6] Because Spinks brings official-capacity claims against Hill and Cohen, his claims are treated as against the state entities to which those officers belong, here the Superior Court Division of the North Carolina General Court of Justice and the North Carolina Department of Health and Human Services, respectively.

[7] The North Carolina Department of Justice maintains a register of such process agents on its website. See North Carolina Department of Justice, Process Agent Directory, https://www.ncdoj.gov/getdoc/f85e2106-9532-4a64-9c58-ebb251165639/2-6-4-3-2-Process-Agent-Directory.aspx (last visited Dec. 5, 2018).

of these clear deficiencies in service, for which Spinks has not provided good cause, and in light of the fact that over a year has elapsed since the filing of the complaint, as well as the fact that the court already granted Spinks an extension of time to serve, Spinks' claims against Hill and Cohen will be dismissed.[8]

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (Docs. 12, 16, 19) are GRANTED and the complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE.

                                            /s/    Thomas D. Schroeder
                                          United States District Judge

December 6, 2018

---

[8] The court further notes that Spinks' underlying claims appear to be based on a misunderstanding of the events described. Although Spinks alleges that one or more Defendants failed to pay his mother's medical bills, leading to the $195,453.53 claim against the estate, he also attaches a document from NCDHHS clearly showing that NCDHHS paid the entire amount on his mother's behalf. (Doc. 1 at 9.) It is in fact because of NCDHHS' payment of his mother's medical bills that NCDHHS now asserts a claim against the estate pursuant to statutes that allow states to recover the cost of paid-out Medicaid benefits against a former recipient's estate. See 42 U.S.C. § 1396p(b)(1) (explaining when "the State shall seek . . . recovery of any medical assistance correctly paid on behalf of an individual under the State plan); N.C. Gen. Stat. § 108A-70.5 ("There is established in the Department of Health and Human Services, the Medicaid Estate Recovery Plan, . . . to recover from the estates of recipients of medical assistance an equitable amount of the State and federal shares of the cost paid for the recipient.").